UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NOMAN BASIT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>　　　　Defendants. | CIVIL ACTION CASE NO.<br>CIV-18-978-G<br><br>**COMPLAINT AND JURY TRIAL DEMAND**<br>(Telephone Consumer Protection Act) |

## COMPLAINT

NOMAN BASIT ("Plaintiff"), by and through his attorneys, alleges the following against CAPITAL ONE BANK (USA), N.A. ("Defendants"):

1. Plaintiff brings this action on behalf of himself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendants, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), *47 U.S.C. § 227 et seq.*

## JURISDICTION AND VENUE

2. Defendants conduct business in the state of Oklahoma, and therefore, personal jurisdiction is established.

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740

(2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

4. Venue is proper in the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

5. Plaintiff is a natural person residing in the county of Oklahoma, in the city of Edmond, Oklahoma.

6. Defendant is a Virginia corporation doing business in the State of Oklahoma with its principal place of business located in McLean, Virginia.

7. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

8. Defendant is a "person" as defined by 47 U.S.C. § 153 (39).

9. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts owed by Plaintiff.

10. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (703) 828-43XX.

11. Defendants placed collection calls to Plaintiff from phone numbers including, but not limited to, (800) 955-6600.

12. Per its prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

13. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, NOMAN BASIT.

14. Defendants' calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

15. Defendants' calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16. Defendants never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

17. On January 31, 2018, at or around 10:36 a.m. Pacific Standard Time, Plaintiff spoke with Defendants' female representative at (800) 955-6600 and requested that Defendant cease calling Plaintiff's cellular telephone.

18. During the conversation Plaintiff gave Defendant his name, social security number and date of birth to assist Defendant in accessing his accounts before asking Defendant to stop calling his cellular telephone regarding all of his accounts.

19. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendants' calls using an automatic telephone dialing system in his conversation with Defendants' representative on January 31, 2018.

20. Despite Plaintiff's request, Defendant continued to place collection calls to Plaintiff after May 3, 2018.

21. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least Sixty-two (62) automated calls to Plaintiff's cellular telephone.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227

22. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

23. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

24. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

25. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 et. seq.

26. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

27. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

28. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages,

for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

29. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NOMAN BASIT, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A. for the following:

## FIRST CAUSE OF ACTION

30. For statutory damages of $500.00 multiplied by the number of TCPA violations alleged herein (62), $31,000.00;
31. Actual damages and compensatory damages according to proof at time of trial;

## SECOND CAUSE OF ACTION

32. For statutory damages $1,500.00 multiplied by the number of TCPA violations alleged herein (62), $93,000.00;
33. Actual damages and compensatory damages according to proof at time of trial;

## ON ALL CAUSES OF ACTION

34. Costs and reasonable attorneys' fees;
35. Any other relief that this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

36. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: September 25, 2018

By: *s/ Peter Cozmyk*
Peter Cozmyk
Attorney for Plaintiff, Noman Basit
COZMYK LAW OFFICES, LLC
6100 Oak Tree Blvd., Ste. 200
Independence, OH 44131
P: (877) 570-4440
F: (216) 485-2125
E: Pcozmyk@cozmyklaw.com

PLAINTIFF'S COMPLAINT